UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHANIE KINLEY,

    Plaintiff,

v.

IRS- SPECIAL PROCESSING BRANCH, et al.,

    Defendant.

Case No. 1:18-cv-784

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which

clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

Plaintiff Stephanie Kinley's pro se complaint identifies four Defendants: (1) IRS – Special Processing Branch; (2) Reinvest Consultants, LLC; (3) Attorney Stuart L. Richards; and (4) Kassem Real Est. & Invest LLC et et al." (Doc. 1-1 at 1).[1] Plaintiff identifies the basis for subject matter jurisdiction as falling under 28 U.S.C. § 1343(3), which permits individuals to sue for a violation of their civil rights against any Defendant acting under color of State law, to the extent that the Defendant is alleged to have deprived the Plaintiff of a right secured by federal law or the United States Constitution. *Id*; *see also* 42 U.S.C. § 1983.

The entirety of Plaintiff's statement of her claim reads as follows:

> By conspiring to take hard earned wages from me. The State of Ohio owes me a credit, until that is paid, they cannot deduct anything from me.

(Doc. 1-1 at 3). Plaintiff has left the "Relief" section of the complaint form blank and has failed to sign or date her complaint form as required.

---

[1] The undersigned takes judicial notice of the fact that the same Plaintiff appears to have initiated a second lawsuit, together with a co-plaintiff identified as Jeremy Davis, on November 13, 2018. See, e.g., Case No. 1:18-cv-782-TSB-KLL. In that case, Plaintiff has identified one of the same Defendants named herein: Reinvest Consultants (LLC)

3

This Court lacks subject matter jurisdiction because the complaint fails to include sufficient factual matter to state any plausible claim.  Plaintiff does not allege particular conduct by any identified Defendant.  Therefore, her cursory allegations fail to state facts that would support any claim under 42 U.S.C. § 1983, or any other federal law, against any Defendant.  Except for the IRS, which is a federal (and not a state) agency, none of the four identified Defendants appear to be governmental employees or agencies that conceivably could have discriminated against Plaintiff or violated her federal or constitutional rights while "under color of state law."

Plaintiff also fails to indicate what relief she seeks from this Court.  No time period is identified, and Plaintiff does not include any other details that could give rise to any federal claim.  Last, the unsigned complaint form does not comply with Rule 11, Fed. R. Civ. P.

### III. Conclusion and Recommendation

For the reasons explained above, **IT IS RECOMMENDED THAT** this case be **DISMISSED with prejudice** based upon a lack of subject matter jurisdiction, and Plaintiff's failure to state any claim against any Defendant under federal law.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

STEPHANIE KINLEY,

    Plaintiff,

    v.

IRS- SPECIAL PROCESSING BRANCH, et al.,

    Defendant.

Case No. 1:18-cv-784

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).